**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4379**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

KYJAHRE HASAN RILEY,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:17-cr-00058-FL-1; 1:12-cr-00060-WO-1)

Submitted: January 25, 2018          Decided: February 5, 2018

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Laura E. Beaver, THE BEAVER LAW FIRM, Raleigh, North Carolina, for Appellant. Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina; Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kyjahre Hasan Riley appeals the district court's judgment revoking his term of supervised release and sentencing him to nine months' incarceration. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court imposed an unreasonable sentence and whether Riley was entitled to credit for time served. Although advised of his right to file a pro se supplemental brief, Riley has not done so. The Government has declined to file a response brief. Following our careful review of the record, we affirm.

"A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). "[E]ven if a revocation sentence is plainly unreasonable, we will still affirm it if . . . any errors are harmless." *Id.* We review revocation sentences for both procedural and substantive reasonableness. *Id.* A sentence is procedurally reasonable if the district court considered the Sentencing Guidelines' Chapter Seven policy statement and the applicable 18 U.S.C. § 3553(a) (2012) factors and adequately explained the chosen sentence. *Id.* A sentence is substantively reasonable "if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (alteration and internal quotation marks omitted).

In this case, the district court correctly calculated the policy statement range, considered the § 3553(a) factors and Riley's arguments, and explained that Riley's within-policy statement range sentence was necessary because Riley had lied to his probation officer and breached the court's trust. We therefore conclude that Riley's sentence is procedurally and substantively reasonable. To the extent Riley contests his credit computation, a prisoner wishing to challenge the computation of a federal sentence must do so by petitioning for a writ of habeas corpus under 28 U.S.C. § 2241 (2012). *See United States v. Wilson*, 503 U.S. 329, 334-35 (1992) (explaining Attorney General, through Bureau of Prisons, and not sentencing court, calculates credit for time served).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Riley, in writing, of the right to petition the Supreme Court of the United States for further review. If Riley requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Riley.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3